NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TONNESHA KIDD, | |
| Plaintiff, | |
| v. | Civil No. 19-12115 (RBK/JS) |
| | **OPINION** |
| LOURDES MEDICAL CENTER AT BURLINGTON, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on *pro se* Plaintiff Tonnesha Kidd's Complaint (Doc. 1 ("Compl.")) and application to proceed *in forma pauperis* ("IFP") (Doc. 1-1). Plaintiff contends that her former employer, Lourdes Medical Center, retaliated against her in violation of 42 U.S.C. § 1981. The Court has already granted Plaintiff's application to proceed IFP (Doc. 3), but pursuant to 28 U.S.C. § 1915(e)(2) must now screen the Complaint to determine whether Plaintiff's action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. For the reasons set forth below, Plaintiff's request to proceed IFP is **GRANTED**.

**I.    BACKGROUND**

Plaintiff, Tonnesha Kidd, brings a claim under 42 U.S.C. § 1981 against Defendant, Lourdes Medical Center at Burlington. (Compl. ¶¶ 3–8). Plaintiff alleges that she was hired by Defendant and fulfilled her contractual obligations, yet Defendant failed to adhere to its contractual

1

obligations by subjecting Plaintiff to harassment and a hostile work environment before terminating Plaintiff. (Compl. ¶¶ 6–14). Plaintiff further alleges that her co-workers told her manager false allegations about her. (Compl. ¶ 36m).

Furthermore, Plaintiff alleges that a new part-time nurse was given a work schedule and computer access while Plaintiff, an African American, was never given her schedule or computer access. (Compl. ¶ 36h). Plaintiff alleges that Defendant put Plaintiff in competition with a Caucasian nurse "by showing favoritism, giving her credit for Plaintiff's suggestions, giving her computer access, a schedule, and expediting [the Caucasian nurse] through the orientation process." (Compl. ¶ 20).

Plaintiff alleges that on the day she was terminated, she told her supervisors that she was being retaliated against for reporting ongoing workplace harassment and her pending cases against other facilities including Preferred Care of Mercer, Royal Health Gate Nursing, and Buttonwood Behavioral Health. (Compl. ¶¶ 25, 36n). Immediately after Plaintiff reported the alleged retaliation, Defendant's Assistant Manager and Director forced her to either resign from her position or be terminated. (Compl. ¶ 25).

Plaintiff alleges that Defendant violated 28 U.S.C. § 1981 when Defendant subjected her to harassment and denied her a fulltime employment schedule and computer access to complete her job. (Compl. ¶¶ 26–27). Plaintiff requests damages—including back pay, compensatory damages, punitive damages, and cost of the suit—and injunctive relief. (Compl. ¶ 45).

## II.   LEGAL STANDARD

District courts must review IFP complaints and *sua sponte* dismiss any action or appeal that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B). "Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Rhodes v. Maryland Judiciary*, 546 F. App'x 91, 93 (3d Cir. 2013).

When evaluating a 12(b)(6) motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

As Plaintiff is proceeding *pro se*, the Court is mindful of its "duty to construe [the] pleadings liberally and apply the applicable law, irrespective of whether [plaintiff has] mentioned it by name." *Rose v. Ortiz*, No. 14-1738, 2015 WL 9216589, at *1 (D.N.J. Dec. 16, 2015) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

### III.     DISCUSSION

The Court finds that Plaintiff has pleaded sufficient factual allegations under § 1981 that, when accepted as true, state a facially plausible claim for relief against Defendants. Section 1981 grants all persons equal rights to "make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[.]" Section 1981 prohibits private acts of discrimination and permits individuals to assert claims of discrimination and retaliation against private employers. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 447 (2008).

A cause of action under § 1981 requires a plaintiff to plead three elements: "(1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981." *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797–98 (3d Cir. 2010) (internal citation omitted). Additionally, a plaintiff must plead facts that would establish a prima facie case of retaliation. *Id.* at 798. To do so, a plaintiff must plead that "(1) he engaged in protected activity, (2) his employer took an adverse employment action against him, and (3) there was a causal connection between his participation in the protected activity and the adverse employment action." *Id.* (citing *Moore v. City of Philadelphia*, 461 F.3d 331, 340–41 (3d Cir. 2006)). The Court addresses each of these standards in turn.

### A. Plaintiff's Complaint Pleads the Required Elements of a § 1981 Claim

Plaintiff's factual allegations support a claim under § 1981. First, Plaintiff pleads that she belongs to a racial minority. The Complaint establishes that Plaintiff is an "African American." (Compl. ¶20.) As an African American, Plaintiff clearly falls within the class of racial minorities

4

that § 1981 was intended to protect. *See, e.g.*, *CBOCS West, Inc.*, 553 U.S. at 447. Therefore, this element is satisfied.

Second, Plaintiff pleads that she was intentionally discriminated against on the basis of race. The Complaint states that Defendant discriminated against Plaintiff by showing favoritism and accrediting Plaintiff's work to the Caucasian employee, and not providing Plaintiff tools that were provided to the Caucasian employee with to to complete the same job to Plaintiff. *Gen. Bldg. Contractors Ass'n v. Pa.* 458 U.S. 375, 376 (1982) ("Section 1981 does no more than prohibit petitioners from intentionally depriving black workers of the rights enumerated in the statute, including the equal right to contract"). Even though Plaintiff has not pleaded explicit evidence of discrimination, Plaintiff has pleaded several examples of discrimination motivated by race. As Plaintiff is proceeding *pro se,* this Court is mindful to construe the pleadings liberally. This element is sufficiently satisfied at this stage.

Third, Plaintiff pleads that the discrimination concerned an activity enumerated in § 1981. The Complaint establishes that Defendant discriminated against Plaintiff regarding her employment contract. Section 1981 states that all individuals have the right to "make and enforce contracts" regardless of race and prevents discriminatory treatment before and while the contract is in effect. 28 U.S.C. § 1981; *Williams v. Rowan Univ.*, Civil No. 10–6542 (RMB/AMD), 2012 WL 813161, at *5 (D.N.J. Mar. 9, 2012) (holding that § 1981 covers claims based on discriminatory treatment post-contract formation). Plaintiff actions concerns Defendant's discrimination regarding her employment contract, and therefore, the third element is satisfied.

### B. Plaintiff's Complaint Pleads the Required Elements of a Retaliation Claim

Plaintiff's factual allegations plead the required elements of a retaliation claim. First, Plaintiff pleads that she engaged in a protected activity. The Complaint states that Plaintiff was

5

terminated after she reported the racially-based discriminatory treatment. (Compl. ¶ 25). "[O]pposing alleged discriminatory treatment by the employer" is protected activity. *Coleman v. Potomac Elec. Power Co.,* 422 F. Supp. 2d 209, 212 (D.D.C 2006). Thus, Plaintiff's reporting of discriminatory treatment to her employer falls under this definition.

Second, Plaintiff pleads that her employer took an adverse action against her. The Complaint states that immediately after Plaintiff's report, Defendant fired Plaintiff. (Compl. ¶ 25). Courts have held that termination from employment constitutes an adverse action. See *Aguiar v. Morgan Corp.,* 27 Fed. App'x 110, 112 (3rd Cir. 2002); *Moore v. Pool Corp.*, 304 F. Supp. 3d 1148, 1164 (N.D. Ala. 2018) ("Termination is an adverse employment action").

Third, Plaintiff alleges a causal connection between her participation in the protected activity and the employer's adverse action. The Complaint states that immediately after Plaintiff reported the discriminatory treatment, Defendant terminated her. A causal connection is established here because "there is a close temporal proximity" between the protected activity and adverse employment action." *Moore v. Hillsborough Cty. Bd. of Cty. Cmm'rs*, 544 F. Supp. 2d 1291, 1306 (M.D. Fla. 2008) (citing *Roberts v. Rayonier, Inc.*, 135 F. App'x. 352, 358 (11th Cir. 2005)).

Accordingly, Plaintiff's Complaint adequately pleads, at this stage, the required elements to state a claim under § 1981. Therefore, Plaintiff's request to proceed IFP is **GRANTED**.

**IV.   CONCLUSION**

Based on the allegations in the Complaint and the leniency this Court affords to *pro se* litigants, it is plausible that Plaintiff will be entitled to relief on the basis of discrimination under her § 1981 claim. Therefore, the Complaint passes the screening phase, and Plaintiff may proceed

*in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). An appropriate Order shall follow.


Dated: 7/20/2021                                                    /s/ Robert B. Kugler
                                                                                            ROBERT B. KUGLER
                                                                                            United States District Judge