UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TONNESHA KIDD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOURDES MEDICAL CENTER OF BURLINGTON,<br><br>　　　　　　Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:19-CV-12115-KMW-MJS<br><br>**OPINION & ORDER** |

　　　　This matter comes before the Court by way of the Motion of Plaintiff Tonnesha Kidd ("Plaintiff") pursuant to Fed. R. Civ. P. 56(d), seeking either a denial or deferral of the converted Motion for Summary Judgment of Defendant Lourdes Medical Center of Burlington ("Lourdes"). For the reasons set forth below, Plaintiff's Motion is denied.

　　　　1)　　　The dispute underlying this case arises out of Lourdes' alleged termination of Plaintiff's employment in September 2017. Following her termination, Plaintiff initiated a lawsuit against Lourdes in New Jersey state court, asserting various claims under both state and federal law (the "Underlying Action").[1] Thereafter, Lourdes removed Plaintiff's Complaint to this Court and moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).[2] On May 3, 2019, the Honorable U.S. District Judge Robert B. Kugler granted Lourdes' Motion, dismissed Plaintiff's federal claims, and remanded her remaining claims to New Jersey state court.

---

[1] *See Kidd v. Lourdes Med. Ctr. of Burlington Cty.*, No. BUR-L-1892-18 (N.J. Super. Ct. Law Div. 2018).

[2] Plaintiff subsequently filed an Amended Complaint, and Lourdes in turn filed a second Motion to Dismiss. *See Kidd v. Lourdes Med. Ctr. of Burlington Cty.*, No. 18-16250 (D.N.J. 2018).

1

2) On the same day that Judge Kugler remanded the Underlying Action, Plaintiff filed another Complaint in this Court, which initiated the instant case. (ECF No. 1). Though this Complaint appears to allege the same set of facts as those pled in the Underlying Action, it asserts against Lourdes only a single claim for retaliation under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

3) While Plaintiff continued to pursue her claims in the Underlying Action in state court, she did not serve Lourdes with her Complaint in this case. Indeed, Plaintiff did not properly serve Lourdes until May 9, 2022—nearly three years after she filed her Complaint. (ECF No. 22).[3] On June 14, 2022, Lourdes timely filed a Motion to Dismiss the Complaint on the basis that Plaintiff has already released her claims. (ECF Nos. 24, 25).[4] Evidently, on September 3, 2019—approximately four months after Judge Kugler remanded the Underlying Action to state court—the Parties entered into a settlement agreement in which Plaintiff agreed to release her claims against Lourdes (the "Settlement Agreement"). Consequently, the Parties jointly filed a Stipulation of Dismissal in the Underlying Action, indicating that their dispute had been amicably resolved and that Plaintiff's claims were voluntarily dismissed with prejudice. (ECF No. 25-3).[5] No such stipulation was filed in this case, presumably because Lourdes had not yet been served with Plaintiff's Complaint.

---

[3] This case was twice called for dismissal for her failure to properly serve Lourdes with her Complaint pursuant to Fed. R. Civ. P. 4(m). (ECF Nos. 6, 10).

[4] Plaintiff has previously moved for the entry of default judgment against Lourdes in this case, which the Court has denied. (ECF Nos. 30, 36, 40). Plaintiff has since filed a Motion for Reconsideration, in which she again asks the Court to enter default judgment against Lourdes. (ECF No. 43).

[5] In support of dismissal, Lourdes attached to its Motion copies of (1) the Settlement Agreement, (2) the Stipulation of Dismissal entered in the Underlying Action, and (3) proof of Lourdes' payment to Plaintiff in exchange for the release of her claims. (ECF Nos. 25-1, 25-2, 25-3).

4) In her Opposition to Lourdes' Motion, Plaintiff does not dispute that she entered into the Settlement Agreement with Lourdes. Nor does she contest the Settlement Agreement's validity or enforceability. Rather, Plaintiff's argument is purely one of scope—that the Settlement Agreement only released her state law claims against Lourdes in the Underlying Action, and that it did not encompass "the federal claims that are currently before this Court." (ECF No. 30 at 8).

5) In light of the discreet issue of law presented by Lourdes' Motion and Plaintiff's Opposition, the Court issued an Order on January 25, 2023, in which it, among other things, notified the Parties that Lourdes' Motion to Dismiss will be converted to one for Summary Judgment pursuant to Fed. R. Civ. P. 12(d).

6) On February 7, 2023, Plaintiff submitted the Motion presently before the Court, in which she argues that Lourdes' converted Motion for Summary Judgment should be denied, or alternatively postponed, because she requires discovery to support her Opposition. (ECF No. 46).

7) "Federal Rule of Civil Procedure 56(d) sets forth the procedure for a party who believes that additional discovery is necessary before [she] can respond to a motion for summary judgment." *Atkins v. Capri Training Ctr., Inc.*, No. 2:13-CV-06820, 2014 WL 4930906, at *4 (D.N.J. Oct. 1, 2014). It provides as follows:

> If a nonmovant shows by affidavit or declaration that, ***for specified reasons***, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d) (emphasis added). A nonmovant's Rule 56(d) motion must specify, among other things, what particular information is sought and, if the information is uncovered, how it would preclude summary judgment. *See Pa., Dept. of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012). "However, a court may deny such motions for discovery when the material sought would not be useful or the requests are vague." *Atkins v. Capri Training Ctr., Inc.*, No. 2:13-CV-06820, 2014 WL 4930906, at *5 (D.N.J. Oct. 1, 2014).

8) Here, Plaintiff avers that there is "insufficient information or evidence" to respond to Defendant's Motion, and that "[m]ore discovery is needed, as well as more time to conduct discovery." (ECF 46 at 7). However, Plaintiff makes no attempt to articulate, in even the scantest of terms, what facts are supposedly unavailable to her; what particular information she seeks from Lourdes; or how, if the information is uncovered, it would preclude summary judgment. Plaintiff thus offers nothing more than "vague [and] general statements" expressing a directionless desire for discovery, which is insufficient to meet the requirements of Rule 56(d). *Malouf v. Turner*, 814 F. Supp. 2d 454, 459–61 (3d Cir. 2011); *see also Speth v. Goode*, No. 95-0264, 2012 WL 3277105, at *8 (D.N.J. Aug. 9, 2012).[6]

9) Furthermore, Plaintiff has failed to persuade the Court that any discovery would create a dispute of fact. The issue before the Court is whether the claims Plaintiff attempts to assert in this case are precluded by the Parties' September 2019 Settlement Agreement.

---

[6] Separately, Plaintiff also attempts to argue that she is entitled to a "sufficient opportunity to conduct general discovery into whether the state court settlement was void, invalid, non-applicable to the instant federal action, unconscionable, ambiguous, induced due to duress, or coercion, and or fraud." (ECF No. 46 at 5). But here too, Plaintiff offers nothing more than "[v]ague [and] general statements of what [she] hopes to gain through a delay for discovery under Rule 56(d)." *Malouf v. Turner*, 814 F. Supp. 2d 454, 459–61 (3d Cir. 2011). Furthermore, that Plaintiff has never challenged the validity or enforceability of the Settlement Agreement only confirms that her Rule 56(d) Motion is not motivated by any good faith desire to obtain specific information supposedly in Lourdes' possession; rather, it is "more akin to a fishing expedition designed to delay litigation." *Duran v. Warner*, No. 07–5994, 2013 WL 4483518, at *5 (D.N.J. Aug. 20, 2013).

4

"[R]elying upon the release included in the [P]arties' [S]ettlement [A]greement[] raises basic issues of New Jersey contract law." *Weisman v. New Jersey Dep't of Hum. Servs.*, 982 F. Supp. 2d 386, 392 (D.N.J. 2013), *aff'd*, 593 F. App'x 147 (3d Cir. 2014). "Where a contract is ambiguous, courts will consider the parties' practical construction of the contract as evidence of their intention and as controlling weight in determining a contract's interpretation; where the terms of a contract are clear, however, the court must enforce it as written." *County of Morris v. Fauver*, 707 A.2d 958, 969 (N.J. 1998). Simply stated, "[t]his is a question of law for the Court to decide." *Selective Ins. Co. of Am. v. Christeyns Laundry Tech.*, LLC, No. 19-11723, 2020 WL 6194015, at *4 (D.N.J. Oct. 22, 2020).

10) Applying these principles here confirms that discovery at this juncture would be superfluous. Indeed, "discovery would only be necessary if the terms of the Settlement Agreement are ambiguous, such that extrinsic evidence is required for the Court to interpret it. Conversely, if the Settlement Agreement is clear, then no additional discovery will be required; instead, the Court will simply analyze the terms and determine whether or not they encompass the claims alleged in this case." *Id.*[7] Thus, Plaintiff's Rule 56(d) Motion is denied.

11) In the alternative, Plaintiff requests an extension of time "to afford Plaintiff[] sufficient notice and opportunity to file a substantive response in opposition" to Lourdes' Motion. (ECF No. 46). Plaintiff ignores, however, that she has already filed a "substantive response in opposition" to Lourdes' Motion—twice, in fact. (ECF Nos. 30, 36).[8] The Court

---

[7] Separately, Plaintiff also appears to argue that the Court's conversion of Lourdes' Motion was procedurally improper; she is mistaken. Where it is charged that a plaintiff is pursuing previously released claims, Fed. R. Civ. P. 12(d) empowers district courts to convert a defendant's motion to dismiss into one for summary judgment, even when plaintiffs are proceeding *pro se*. *See, e.g.*, *Ruffin v. Allstate Ins. Co.*, No. 15-501, 2015 WL 5567433, at *2 (D.N.J. Sept. 22, 2015); *Brodsky v. BMW of Manhattan*, No. 1813885, 2019 WL 13215176, at *9 (D.N.J. Aug. 15, 2019).

[8] Plaintiff also cites to her status as a "[p]ro se litigant" who "lack[s] the requisite knowledge of the law[] and skill." (ECF No. 46 at 13). Contrary to her pleas, however, the Court notes that Plaintiff appears to be a rather seasoned *pro se* litigant, having represented herself in numerous trial and appellate proceedings, in both federal and state courts, as

5

has previously granted the Parties leave to submit "supplemental briefings, not to exceed 10 pages, concerning [Lourdes'] now converted Motion." (ECF No. 41 at 3).[9] The deadline for these submissions is presently set for February 24, 2022. To the extent Plaintiff seeks an extension of this deadline, her request is granted.[10]

Therefore,

**IT IS** this **23rd** day of **February 2023**, hereby

**ORDERED** that Plaintiff's Rule 56(d) Motion (ECF No. 46) is **DENIED**; and it is further

**ORDERED** as follows:

1) On or before **March 6, 2023**, the Parties may submit supplemental briefings, not to exceed 10 pages, concerning Lourdes' converted Motion for Summary Judgment;

---

well as before several state agencies. *See, e.g.*, *Kidd v. Helene Fuld Med. Ctr.*, 178 N.J. 250 (2003); *Kidd v. Petrella*, No. 05-3810, 2005 WL 2205815 (D.N.J. Sept. 9, 2005); *Kidd v. Stebbins*, No. A-1329-05T1, 2007 WL 461011 (N.J. Super. Ct. App. Div. Feb. 14, 2007); *Kidd v. Superior Nursing Care, Inc.*, No. A.08-504, 2008 WL 2945960 (D.N.J. July 28, 2008); *Kidd v. Lourdes Med. Ctr. of Burlington Cnty.*, No. 18-16250, 2019 WL 1974830 (D.N.J. May 3, 2019); *Kidd v. Maryville Univ.*, No. 4:19-CV-1193, 2020 WL 364282, at *1 (E.D. Mo. Jan. 22, 2020); *Kidd v. Preferred Care of Mercer*, No. 3:18-CV-12081, 2020 WL 525863, at *1 (D.N.J. Jan. 31, 2020); *Kidd v. Buttonwood Behav. Health Hosp.*, No. A-5371-17T4, 2021 WL 56291 (N.J. Super. Ct. App. Div. Jan. 7, 2021).

[9] The Court also granted the Parties leave to submit to the Court, on or before February 14, 2023, "any additional evidence or materials they believe are pertinent to [Lourdes'] Motion." (ECF 41 at 3). Plaintiff has not filed any such materials.

[10] The Court does not grant this request lightly. Plaintiff has been afforded exceedingly reasonable opportunities to oppose Lourdes' converted Motion, despite a clear pattern of dilatory tactics. For example, in addition to failing to appear for oral argument previously scheduled on Lourdes' Motion (ECF No. 39), Plaintiff has submitted numerous filings that are quite obviously designed to delay or obstruct any decision on Lourdes' Motion. (ECF Nos. 26, 34, 36, 37, 38, 43, 48, 49, 51, 52, 53). To the extent Plaintiff continues to engage in such conduct, the Court expressly places her on notice that it will consider the imposition of sanctions. *See, e.g.*, Fed. R. Civ. P. 11, 56(h); *see also Skoorka v. Kean Univ.*, No. 16-3842, 2017 WL 6539449, at *3 (D.N.J. Dec. 21, 2017) ("*Pro se* litigants are not shielded from the sanctions offered by Rule 11."); *Gooden v. Merline*, No. C07-4716, 2011 WL 2293317, at *12 (D.N.J. June 8, 2011) ("Requiring an affidavit, declaration or other sworn statement provides the Court with some assurance as to the plaintiff's veracity and arms the Court with the imposition of sanctions against any plaintiff who submits an affidavit or declaration in bad faith . . . or otherwise commits perjury.").

2) Oral arguments on Lourdes' converted Motion for Summary Judgment (ECF Nos. 24, 25) will be heard on **March 16, 2023, at 11:00 a.m. in Camden – Courtroom 4A**.[11]

                                              */s/ Karen M. Williams*
                                              KAREN M. WILLIAMS
                                              United States District Judge

---

[11] The Court will also address Plaintiff's pending Motion for Reconsideration at this time. (ECF No. 43).