UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TONNESHA KIDD,<br><br>    Plaintiff,<br><br>  v.<br><br>LOURDES MEDICAL CENTER OF BURLINGTON,<br><br>    Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:19-CV-12115-KMW-MJS<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

  **THIS MATTER** having come before the Court by way of the Motion for Reconsideration[1] of *pro se* plaintiff Tonnesha Kidd ("Plaintiff") concerning the Court's March 16, 2023 Order, which (1) granted the converted Motion for Summary Judgment of defendant Lourdes Medical Center of Burlington ("Lourdes"), and (2) denied Plaintiff's previously filed Motions for Reconsideration (ECF No. 63)[2]; and

  **THE COURT HAVING CONSIDERED** Plaintiff's Motion (ECF No. 66), Lourdes' Opposition thereto (ECF No. 70), and Plaintiff's Reply (ECF No. 73); and

  **THE COURT FINDING** that Plaintiff's Motion improperly resubmits the same arguments she previously presented during oral argument (ECF No. 65) and in various written

---

[1] Plaintiff styles her submission as a "Motion to Alter and Amend" under Federal Rules of Civil Procedure 59(e) and 60(b) (ECF No. 66). However, courts in this district generally treat such motions as ones for reconsideration. *See, e.g.*, *New Jersey Manufacturers Ins. Grp. v. Narrangassett Bay Ins. Co.*, No. 17-1112, 2019 WL 2057685, at *1 n.1 (D.N.J. Apr. 3, 2019).

[2] Plaintiff's first Motion for Reconsideration was filed on January 27, 2023 (ECF No. 43), and concerned the Court's denial of Plaintiff's Cross Motion for Entry of Default (ECF No. 40). Plaintiff's second Motion for Reconsideration, which was filed on February 25, 2023 (ECF No. 60), sought review of the Court's Order denying her Motion for Discovery under Federal Rule of Civil Procedure 56(d) (ECF No. 57).

submissions (ECF Nos. 43, 68, 60), all of which the Court received and considered prior to entering its Order[3]; and

**THE COURT FINDING** that Plaintiff has not demonstrated any additional grounds for relief under Rules 59(e) or 60(b)[4];

**IT IS** this **26th day** of **October 2023**, hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 66) is **DENIED**.

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
United States District Judge

---

[3] *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) ("The scope of a motion for reconsideration [under Rule 59(e)] . . . is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence."); *see also Jones v. Lagana*, No. 12-5823, 2016 WL 4154677, at *1 (D.N.J. Aug. 3, 2016) ("[A] Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided." (internal quotation marks omitted)).

[4] Where Plaintiff attempts to proffer any new grounds for relief, she baselessly claims that the Court "disregarded all of [her] arguments" as waived and "just granted Defendant Summary Judgment as a Matter of Law." (ECF No. 66 at 3). As demonstrated by the transcript of oral argument, the Court in fact addressed the merits of the very arguments Plaintiff now claims were rejected. (ECF No. 65 at 37) ("Though these arguments are untimely and surely waived, the Court will address their merits."). To be clear, the Court has accepted and considered all of Plaintiff's submissions and arguments throughout the course of these proceedings, regardless of their timeliness or redundance. That the Court found her arguments meritless is not to be construed as oversight. *See Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law . . . and should be dealt with through the normal appellate process[.]" (citations omitted)).