UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TONNESHA KIDD,<br><br>                Plaintiff,<br><br>        v.<br><br>LOURDES MEDICAL CENTER AT BURLINGTON,<br><br>                Defendant. | Civil Action<br>1:19-CV-12115-KMW-MJS<br><br>**MEMORNADUM OPINION<br>AND ORDER** |

This matter comes before the Court by way of the post-judgment Motion for Attorney's Fees filed by Defendant Lourdes Medical Center at Burlington ("Lourdes") pursuant to 42 U.S.C. § 1988. Having considered Defendant's Motion (ECF No. 71), the Opposition thereto filed by *pro se* plaintiff Tonnesha Kidd ("Plaintiff") (ECF No. 77), Lourdes' Reply (ECF No. 78), and Plaintiff's Sur-Reply (ECF No. 79); the Court denies Lourdes' Motion for the reasons set forth below.[1]

---

[1] To the extent the instant Motion seeks sanctions against Plaintiff under Federal Rule of Civil Procedure 11 in connection with Plaintiff's pre-judgment conduct, such a request is untimely. *See* L. Civ. R. 11.3 ("All applications for sanctions pursuant to Fed. R. Civ. P. 11 shall be filed with the Clerk *prior to the entry of final judgment* notwithstanding the provisions of any other Rule of this Court.") (emphasis added)). Insofar as Lourdes seeks sanctions for Plaintiff's more recent, post-judgment Motion for Reconsideration, which it submits is frivolous (ECF No. 66), the Court finds that sanctions would be an inappropriate remedy at this time, particularly given that summary judgment has already been entered. *See Cymonisse v. Fair Cap., LLC*, No. 20-2430, 2021 WL 1178653, at *4 (D.N.J. Feb. 24, 2021) (recommending denial of sanctions motion that was filed after the Court "had already dismissed [the] matter with prejudice" and plaintiff "had filed [a] notice of appeal"), *report and recommendation adopted*, No. 20-2430, 2021 WL 1175161 (D.N.J. Mar. 26, 2021); *see also Ramirez v. United Parcel Serv.*, No. 06-01042, 2011 WL 4970826, at *7 (D.N.J. Oct. 19, 2011) ("For this Court to now impose sanctions . . . would be unduly harsh and unnecessary to deter future frivolous motions.").

Although the Court declines to impose sanctions at this time, Lourdes' Motion presented a close question. The Court has previously admonished Plaintiff for her conduct throughout the course of these proceedings, particularly her relentless barrage of redundant and meritless filings. In its February 23, 2023 Opinion & Order, the Court observed that Plaintiff was engaging in a "clear pattern of dilatory tactics" that were "quite obviously designed to delay or obstruct any decision on Lourdes' Motion." (ECF No. 57 at 6). It is true that Plaintiff's conduct has consumed a

1)      The dispute underlying this case arises out of Lourdes' alleged termination of Plaintiff's employment in September 2017. Following her termination, Plaintiff initiated a lawsuit against Lourdes in New Jersey state court, asserting various claims under both state and federal law (the "Underlying Action").[2] Thereafter, Lourdes removed Plaintiff's Complaint to this Court and moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).[3] On May 3, 2019, the Honorable U.S. District Judge Robert B. Kugler granted Lourdes' Motion, dismissed Plaintiff's federal claims, and remanded her remaining claims to New Jersey state court.

2)      On the same day that Judge Kugler remanded the Underlying Action, Plaintiff filed another Complaint in this Court, which initiated the instant case. (ECF No. 1). Though the Complaint alleged the same set of facts as those pled in the Underlying Action, it asserted against Lourdes only a single claim for retaliation under the Civil Rights Act of 1866, 42 U.S.C. § 1981. Plaintiff continued to pursue her claims in the Underlying Action in state court, thought did not properly serve Lourdes with her Complaint in this case until nearly three years later on May 9, 2022. (ECF No. 22).[4]

---

significant amount of valuable time and judicial resources; Lourdes has undoubtedly shared in that burden. But the frivolity of Plaintiff's recent Motion for Reconsideration can more readily be attributed—not to any dilatory motive—but rather to her lack of familiarity with the law, coupled with her failure to understand the distinction between "rehashing arguments" and presenting "a colorably dispositive fact or provision of law which has been overlooked." *Huertas v. Transunion, LLC*, No. 08-244 JBS, 2010 WL 5237854, at *3 (D.N.J. Dec. 16, 2010).

However, to the extent Plaintiff engages in any additional motion practice—an exercise that would undoubtedly be frivolous given her pending appeal before the Third Circuit—she is advised that the Court will consider the application of sanctions against her *sua sponte*.

[2] *See Kidd v. Lourdes Med. Ctr. of Burlington Cty.*, No. BUR-L-1892-18 (N.J. Super. Ct. Law Div. 2018).

[3] Plaintiff subsequently filed an Amended Complaint, and Lourdes in turn filed a second Motion to Dismiss. *See Kidd v. Lourdes Med. Ctr. of Burlington Cty.*, No. 18-16250 (D.N.J. 2018).

[4] This case was twice called for dismissal for her failure to properly serve Lourdes with her Complaint pursuant to Fed. R. Civ. P. 4(m). (ECF Nos. 6, 10).

3) After being served, Lourdes timely filed a Motion to Dismiss the Complaint on the basis that Plaintiff has already released her claims. (ECF Nos. 24, 25). Evidently, on September 3, 2019—approximately four months after Judge Kugler remanded the Underlying Action to state court—the Parties entered into a settlement agreement in which Plaintiff agreed to release her claims against Lourdes (the "Settlement Agreement"). Consequently, the Parties jointly filed a Stipulation of Dismissal in the Underlying Action, indicating that their dispute had been amicably resolved and that Plaintiff's claims were voluntarily dismissed with prejudice. (ECF No. 25-3).[5] No such stipulation was filed in this case, and the Settlement Agreement did not otherwise reference this action.

4) On January 25, 2023, the Court, pursuant to Federal Rule of Civil Procedure 12(d), converted Lourdes' Motion to Dismiss into one for Summary Judgment under Rule 56. (ECF No. 41). In her Opposition to Lourdes' Motion, Plaintiff did not dispute that she entered into the Settlement Agreement with Lourdes. Nor did she contest the Settlement Agreement's validity or enforceability. Rather, Plaintiff's argument was purely one of scope—that the Settlement Agreement only released her state law claims against Lourdes in the Underlying Action, and that it did not encompass "the federal claims that are currently before this Court." (ECF No. 30 at 8).[6]

5) In light of the discreet issue of law presented by Lourdes' Motion and Plaintiff's Opposition, the Court issued an Order on January 25, 2023, in which it, among other things, converted Lourdes' Motion to Dismiss into a Motion for Summary Judgment pursuant to Federal

---

[5] In support of dismissal, Lourdes attached to its Motion copies of (1) the Settlement Agreement, (2) the Stipulation of Dismissal entered in the Underlying Action, and (3) proof of Lourdes' payment to Plaintiff in exchange for the release of her claims. (ECF Nos. 25-1, 25-2, 25-3).

[6] Though, later in the proceedings, Plaintiff began to raise a plethora of validity and enforceability challenges to the Settlement Agreement.

3

Rule of Civil Procedure 12(d). On March 16, 2023, the Court granted Lourdes' Motion on the record, finding that Plaintiff's claim, as a matter of law, fell within its scope and was accordingly released. (ECF No. 65).

6) Following the entry of summary judgment in its favor, Lourdes timely submitted the instant Motion, in which it seeks to recover the attorney's fees it incurred to defend against a claim it submits was "frivolous, unreasonable, or without foundation, given Plaintiff's prior release of the claim." (ECF No. 71-3 at 13).

7) District courts are statutorily authorized to award a reasonable attorney's fee to the prevailing party in certain civil rights cases, including those proceeding under § 1981. *See* 42 U.S.C. § 1988(b) ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]"). Although a "prevailing party" can be either the plaintiff or the defendant, "the standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs." *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 157–58 (3d Cir. 2001). Unlike a prevailing plaintiff, who is ordinarily "to be awarded attorney's fees in all but special circumstances," a prevailing defendant may be awarded attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412–17 (1978). This standard is an objective one, and "it is not necessary that the prevailing defendant establish that the plaintiff had subjective bad faith in bringing the action in order to recover attorney's fees." *Barnes*, 242 F.3d at 158.

8) In this case, Plaintiff's pursuit of her § 1981 claim in the face of a prior release is certainly questionable. However, the Court is unable to find that it was so objectively unreasonable

4

so as to rise to the level of "frivolity" necessary to award attorney's fees. When assessing the propriety of a plaintiff's civil rights claims under § 1988, district courts consider "(1) whether the underlying claim had an arguable legal basis; and (2) the evidence that supported each claim." *D & D Assocs., Inc. v. Bd. of Educ. of N. Plainfield*, No. 03-1026, 2015 WL 8483296, at *13 (D.N.J. Dec. 9, 2015) (citing *Barnes*).[7] However, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, [her] action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22.

9) Throughout the course of these proceedings, Plaintiff maintained that the release contained in the Settlement Agreement did not include her claim in this case, but rather only those she asserted and pursued in the Underlying Action. Plaintiff reasoned that the Settlement Agreement—which expressly referenced the caption of the Underlying Action—made no similar reference to this matter. According to Plaintiff, the exclusive reference to the Underlying Action meant that she had only released her claims in that case, and not in this one. Of course, that interpretation could not stand up to the exceptionally broad language and releases contained elsewhere in the Settlement Agreement.[8] But while her argument may have been weak, it rested

---

[7] Courts may also consider a non-exhaustive litany of other factors, including whether (1) the plaintiff established a *prima facie* case; (2) the defendant offered to settle; (3) the trial court dismissed the case before trial; (4) the case proceeded to trial on the merits; (5) the question in issue was one of first impression requiring judicial resolution; and (6) the controversy presented a real threat of injury to the plaintiff. *See Barnes*, 242 F.3d at 158.

[8] As the Court thoroughly explained on the record on March 16, 2023, Plaintiff's interpretation of the Settlement Agreement was unreasonable when considering it as a whole. The Settlement Agreement begins by identifying "[c]ertain disputes" that have arisen between Plaintiff and Lourdes concerning Plaintiff's "employment by [Lourdes] and her separation therefrom, including but not limited to those matters outlined" in Plaintiff's Amended Complaint, bearing the caption *Tonnesha Kidd v. Lourdes Medical Center of Burlington County*, BUR L-001892-18 (*i.e.*, the Underlying Action). (ECF No. 25-1 at 1). The inclusion of the phrasing "including but not limited to" made clear at the very outset that the Parties did not limit their settlement only to the claims set forth in the state court action. Regardless, the General Release provision expressly reflects Plaintiff's agreement to "forever release and discharge" Lourdes "of *any and all* claims, charges, causes of action, or liabilities *of any nature whatsoever*, which she has or may have against any of them as of the date of this Agreement, *whether known or unknown*. (*Id.*) (emphasis added).

on a valid observation that was relevant to the Court's inquiry. *See Giaccone v. Canopius U.S. Ins. Co.*, 133 F. Supp. 3d 668, 675 (D.N.J. 2015) (addressing similar argument within the context of broad releases); *see also Cumberland Cnty. Improvement Auth. v. GSP Recycling Co., Inc.*, 818 A.2d 431, 438 (N.J. Super. Ct. App. Div. 2003) (noting that a contract "must be read as a whole," and that "[l]iteralism must give way to context" (internal quotation marks omitted)). This is to say that Plaintiff's argument was sufficiently colorable to preclude a finding that the pursuit of her claim here—notwithstanding the Settlement Agreement—was "frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 422; *see also Stefanoni v. Bd. Of Chosen Freeholders Cnty. of Burlington*, 180 F. Supp. 2d 623, 628 (D.N.J. 2002) ("[A] district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." (internal quotation marks omitted)), *aff'd*, 65 F. App'x 783 (3d Cir. 2003).[9]

---

The Settlement Agreement further reinforced the broad scope of the release by stating that Plaintiff specifically released claims "including but not limited to all claims that were raised or could have been raised" in the Underlying Action. (*Id.*) Critically, it also expressly releases any and all such claims under "the Civil Rights Act of 1866." (*Id.*)

[9] Lourdes also submits that it is entitled to attorney's fees because Plaintiff advanced her claim for an improper motive, namely as a means to harass it and abuse the litigation process. In support of this argument, Lourdes informs the Court that Plaintiff has since initiated two additional lawsuits against it—one in New Jersey state court, and another before the U.S. Equal Employment Opportunity Commission. While this news certainly raises eyebrows, the Court reiterates—as it did previously on the record—that it is not positioned to receive or analyze these new allegations. More importantly, it cannot premise a finding of frivolity on the basis of post-judgment litigation behavior. To do so "would be to engage in a disfavored 20/20 hindsight evaluation." *Smith v. Stafford Twp.*, No. 14-5945, 2017 WL 1007290, at *4 (D.N.J. Mar. 15, 2017); *see also Christiansburg*, 434 U.S. at 421–22 ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, [her] action must have been unreasonable or without foundation.").

However, if during the course of these newly initiated proceedings Plaintiff's claims are found to be meritless or frivolous, or if Plaintiff otherwise initiates any new action against Lourdes in this Court, Lourdes is granted leave to reopen this matter and apply for any necessary or appropriate relief to which it believes it is entitled, including—but not limited to—a filing injunction under the All Writs Act, 28 U.S.C. § 1651(a).

For all of these reasons,

**IT IS** this **26th** day of **October 2023** hereby

**ORDERED** that Defendant's Motion for Attorney's Fees (ECF No. 71) is **DENIED**.

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE